UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ROBIN ROCK,

               Plaintiff,                                                08 Civ. 4976 (CS)(PED)

   -  against -                                                       **REPORT AND**
                                                                              **RECOMMENDATION**

PETER J. MUSTICH, Individually,
ANN WALLACE, Individually, and
THE RYE NECK UNION FREE SCHOOL
DISTRICT,

               Defendants.

------------------------------------------------------------X

TO:    THE HONORABLE CATHY SEIBEL,
         UNITED STATES DISTRICT JUDGE

## I.    INTRODUCTION

On February 26, 2009, Plaintiff filed her Second Amended Complaint asserting, *inter alia*, common law tort claims of defamation, slander and intentional infliction of extreme emotional distress pursuant to New York state law. *See* D.E. 16. Pursuant to an Order dated February 6, 2009, Plaintiff filed a document labeled "Statement of Facts" which purported to clarify the factual bases for the referenced claims. *See* D.E. 18. Defendants responded by moving to dismiss said complaint, arguing: (a) the referenced tort claims are time-barred; and (b) Plaintiff failed to sufficiently plead her claims under the relevant New York state standard. *See* D.E. 22. I respectfully recommend that Defendant's motion be **GRANTED**.

## II. BACKGROUND

Plaintiff was formerly employed by Defendant school district as a secretary to Defendant Wallace in 2006 and 2007. On May 30, 2008, Plaintiff filed a Complaint against Defendant school district alleging discrimination in employment pursuant to 42 U.S.C. § 2000e, claiming that she was discriminated against, i.e., fired from her job, due to pregnancy. *See* D.E. 1. The Complaint included a claim for intentional infliction of emotional distress. *Id.* On August 29, 2008, Plaintiff filed an Amended Complaint, reiterating her previous claims and further charging discrimination based on gender as well as slander. *See* D.E. 5.

On November 24, 2008, Plaintiff sought leave to file yet another amended complaint which: (1) included Mustich and Wallace as defendants in their individual capacities; (2) added a retaliation claim pursuant to 42 U.S.C. § 2000e-3; (3) added a claim for damages under the New York State Human Rights Law; and (4) added a defamation claim. Defendants opposed the proposed amendment, arguing, *inter alia*, that: (a) Mustich and Wallace could not be held liable personally under Title VII; (b) Plaintiff was barred from seeking a judicial remedy the Human Rights law because she had pursued administrative relief; and (c) the defamation claim, as well as the other state law tort claims, were time-barred. *See* D.E. 9.

The Court denied Plaintiff leave to amend with regard to the Title VII claims against Mustich and Wallace and the Human Rights Law claim, but allowed her to add the retaliation and defamation claims. *See* D.E. 15. In accordance with the pleading requirements for the state law claims, the Court directed Plaintiff to provide a more definite statement, pursuant to Rule 12(e), Fed. R. Civ. P., of the facts alleged to support

those claims. *Id.* Plaintiff filed a "Statement of Facts" to comply with the referenced order. *See* D.E. 18. In light of the allegations set forth in the Second Amended Complaint and the Statement of Facts, Defendants move to dismiss the state law tort claims as barred by the applicable statute of limitations.

### III.   DISCUSSION

#### A.   Standard of Review

In consideration of a motion filed pursuant to Fed. R. Civ. P. 12(b)(6), a court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *E & L Consulting, Ltd. V. Doman Indus.*, 472 F.3d 23, 28 (2d Cir. 2006). Dismissal is appropriate only where the plaintiffs can prove no set of facts consistent with their complaint that would entitle them to relief. *Electronics Communs. Corp. v. Toshiba Am. Consumer Prods.*, 129 F.3d 240, 242-43 (2d Cir. 1997).

#### B.   Plaintiff's Allegations

As noted, Plaintiff's Second Amended Complaint seeks damages for purported "unconstitutional acts of …defamation and slander and…willful and intentional infliction of extreme emotional distress." D.E. 8, "WHEREFORE" clause. In response to this Court's Order to provide a more definite statement of these claims, Plaintiff asserted that Defendants maliciously left confidential memoranda containing negative statements about Plaintiff in plain sight of others in April of 2007. *See* D.E. 18, ¶¶ 12 and 13. Plaintiff further asserted that on May 10, 2007, she heard another district employee, Pat Viapiano, advise an unknown third party that she had been fired. *Id.*, ¶ 18. Plaintiff's Statement of Facts in support of the tort claims does not set forth any specific acts purportedly committed by Defendants after May 10, 2007.

However, in her reply to Defendant's 12(b) motion, Plaintiff now asserts for the first time that "in sworn affidavits dated June 13, 2007 defendants falsely maligned plaintiff..." D.E. 23, p. 2. Although Plaintiff has not provided the pertinent affidavits or specified the context in which they were prepared, Defendants assert that the affidavits "were submitted by the defendants for the purpose of responding to the administrative charge of discrimination made by the plaintiff to the New York State Division of Human Rights." D.E. 24, p. 4. Plaintiff has not disputed this characterization, and the undersigned assumes for purposes of this report that the affidavits in question were in fact submitted to the N.Y.S.D.H.R.

C.   Statute of Limitations

Defendant asserts that Plaintiff's claims for defamation, slander and intentional infliction of emotional distress are time-barred. The lapse of a limitations period is an affirmative defense that a defendant must plead and prove. Fed. R. Civ. P. 8(c)(1). However, a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint. *See McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).

Plaintiff filed her original complaint in this matter on May 30, 2008.[1] The applicable statute of limitations for slander under New York state law is one (1) year.[2] *See* N.Y. C.P.L.R. § 215(3). The same statute applies to claims of intentional infliction

---

[1] This is the operative date for statute of limitations purposes. *See, e.g., Padilla v. Payco Gen. Am. Credits, Inc.*, 161 F. Supp. 2d 264, 273 n.15 (S.D.N.Y. 2001). Defendant makes no claim that the amended complaints do not "relate back" to the original filing. *See* Rule 15(c), Fed. R. Civ. P.

[2] Plaintiff asserts her "understanding . . . that the statute of limitations on willful violations is three (3) years." D.E. 23, p. 2. Plaintiff appears to conflate the limitations period for New York intentional tort actions with the extended limitations period for willful violations of federal anti-discrimination laws. *See* 29 U.S.C. § 255(a).

4

of emotional distress and defamation. *See Gallagher v. Directors Guild of America, Inc.*, 144 A.D.2d 261 (N.Y. App. Div. 1988)(intentional infliction of emotional distress); *Williams v. Arpie*, 56 A.D.2d 689, 690 (N.Y. App. Div. 1977)(defamation). Federal courts "apply state statutes of limitations to intentional tort claims." *Hargett v. Metro. Transit Auth.*, 552 F. Supp. 2d 393, 399 (S.D.N.Y. 2008). In order to withstand a 12(b)(6) motion, then, Plaintiff's Second Amended Complaint must allege a tortious act occurring after May 30, 2007.

Plaintiff's Second Amended Complaint alleges no such acts. As noted, the allegations contained in Plaintiff's more definite statement concern actions purportedly occurring between April and May 10, 2007. As for Plaintiff's belated claim that the limitations period should be extended based on affidavits executed in June 2007, it is well settled that statements made to the New York State Division of Human Rights in the course of an investigation cannot subject the declarant to liability for defamation. *See Meyers v. Amerada Hess Corp.*, 647 F.Supp. 62, 65 (S.D.N.Y. 1986). Nor can such statements support a claim for intentional infliction of emotional distress. *See Taggart v. Moody's Investors Serv.*, 2007 U.S. Dist. LEXIS 52765 at *18 (S.D.N.Y. 2007). The same privilege extends to claims of slander. *See Hinds v. Magna Fabrics*, 1997 U.S. Dist. LEXIS 8071 at *15-16 (S.D.N.Y. 1997). Thus, all of Plaintiff's allegations in support of her intentional tort claims either: (a) fall outside the one (1) year limitations period; or (b) are not actionable as a matter of law.

Plaintiff further claims that "equitable tolling applies automatically when exhaustion of an administrative remedy is a mandatory prerequisite to a lawsuit." D.E. 23, p. 1. While there is no "mandatory prerequisite" to Plaintiff's state law claims for

defamation, slander or intentional infliction of emotional distress, there is an issue as to whether state intentional tort claims are tolled pending administrative proceedings on a related matter such as Plaintiff's underlying EEOC complaint. In the mid-1990's, several courts in this district found that, for reasons involving judicial efficiency and a desire to avoid duplicitous litigation, the period for the filing of state law claims are tolled while the claimant seeks exhaustion of administrative remedies. *See*, e.g., *Brown v. Bronx Cross County Med. Group*, 834 F. Supp. 105, 111 (S.D.N.Y. 1993)(failure to toll statute of limitations would result in parallel state and federal court actions and thus lead to judicial inefficiency); *Anderson v. Yarp Rest., Inc.*, 1996 U.S. Dist. LEXIS 6898 at *6-7 (S.D.N.Y. 1996)(same, citing *Brown*); *Forbes v. Merrill Lynch, Fenner & Smith, Inc.*, 957 F. Supp. 450, 455-56 (S.D.N.Y. 1997)(same). In recent years, however, "'the vast majority' of courts in this District have held that the statute of limitations for state tort claims is *not* tolled during the pendency of an administrative discrimination charge." *Kolesnikow v. Hudson Valley Hosp.*, 2009 U.S. Dist. LEXIS 42857 at *59 (S.D.N.Y. 2009)(quoting *Pasqualini v. MortgageIT, Inc.*, 498 F. Supp. 2d 659, 668 (S.D.N.Y. 2007)).

Judge Gardephe's survey of this emerging consensus in *Kolesnikow* is persuasive. Courts holding that the limitations period is not tolled in these circumstances have followed the reasoning of *Johnson v. Railway Express Agency*, 421 U.S. 454, 466, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975), which held that a plaintiff's time to file a discrimination claim under 42 U.S.C. § 1981, which is governed by the applicable state statute of limitations, is not tolled pending an EEOC action relating to the same discrimination charge. Although the Second Circuit has not addressed *Johnson*'s

applicability to state law tort claims, those courts of appeals which have done so have concluded that the statute of limitations is not tolled with respect to such claims. *See Juarez v. Ameritech Mobile Communications*, 967 F.2d 317, 322-23 (7th Cir. 1992)(state law privacy claims); *Arnold v. United States*, 816 F.2d 1306, 1312-13 (9th Cir. 1987)(assault, battery, and intentional infliction of emotional distress). Accordingly, I conclude that Plaintiff is not entitled to equitable tolling based on her administrative claims.

Plaintiff also implies that her *pro se* status warrants equitable tolling. D.E. 23, p. 2. While this status does entitle Plaintiff to a broad reading of the allegations set forth in the Second Amended Complaint, it does not entitle her to assert claims outside the statutory period. *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000); *Kantor-Hopkins v. Cyberzone Health Club*, 2007 U.S. Dist. LEXIS 66820 at *21(E.D.N.Y. 2007)("pro se status and ignorance of the law do not warrant equitable tolling.") Absent any grounds for tolling the applicable one year statute of limitations, Plaintiff has failed to state a claim upon which relief can be granted.[3]

## IV.   CONCLUSION

For the reasons set forth above, I respectfully recommend that Defendants' Motion to Dismiss Plaintiff's claims for defamation, slander, and intentional infliction of emotional distress be **GRANTED**.

---

[3] Defendants also argue that the claims should be dismissed because Plaintiff has failed to plead her tort claims with the specificity required under New York law. Given the special solicitude afforded to *pro se* litigants, it might well be appropriate to give Plaintiff yet another opportunity to re-plead these claims in order to bring them into compliance with legal requirements. In view of my conclusion that these claims are time-barred, however, any such amendment would be futile, and I therefore do not reach Defendants' alternative argument for dismissal.

V.     NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated:   June 4, 2009
         White Plains, N.Y.

Respectfully submitted,

PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE