UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

ROBIN ROCK,

                                    Plaintiff,                    08-CV-4976 (CS)(PED)

            - against -                                           **MEMORANDUM DECISION**
                                                                  **AND ORDER**
PETER J. MUSTICH, individually, ANN WALLACE,                      **ADOPTING REPORT**
individually, and THE RYE NECK UNION FREE                         **AND RECOMMENDATION**
SCHOOL DISTRICT,

                                    Defendants.

--------------------------------------------------------------------x

Appearances

Robin Rock
New Rochelle, New York
Pro Se *Plaintiff*

Lisa L. Shrewsberry, Esq.
Roseann Schuyler, Esq.
Traub Lieberman Straus & Shrewsberry LLP
Hawthorne, New York
*Counsel for Defendants*

Seibel, J.

        Before the Court is the Report and Recommendation of Magistrate Judge Paul E. Davison

dated June 4, 2009 (the "R&R"). (Doc. 25.) Plaintiff brings claims under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, for sex discrimination and retaliation, as well as

state law claims for defamation, slander and intentional infliction of extreme emotional distress.

Judge Davison recommended that this Court grant Defendants' Motion to Dismiss the state law

claims as barred by the applicable statutes of limitations. Plaintiff filed Objections to the R&R

on June 23, 2009, (Doc. 26). Defendants responded by letter dated July 2, 2009, (Doc. 27), and

Plaintiff replied by letter dated July 9, 2009, (Doc. 28). For reasons stated below, the Court adopts the R&R and grants Defendants' Motion.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

The objections of parties appearing *pro se* are generally accorded leniency, *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002), and should be construed "'to raise the

2

strongest arguments that they suggest.'" *Hill v. West*, 599 F. Supp. 2d 371, 378 (W.D.N.Y. 2009) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

"Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).¹

Familiarity with prior proceedings in the case and with the R&R is presumed. Judge Davison concluded that Plaintiff's three state-law claims had to be dismissed because the one-year statute of limitations had elapsed before those claims were interposed. Plaintiff has timely filed objections, raising two grounds: that the claims are meritorious, and that the statute of limitations should be equitably tolled. I review the matter *de novo*.

The merit, or lack thereof, of the claims does not enter into the analysis of whether they were timely brought and is not appropriately considered at this stage of the litigation. *See Gager v. Nicholson*, No. 04-CV-3410, 2006 WL 3616965, at *3 n.2 (S.D.N.Y. Dec. 12, 2006), *aff'd*, 300 F. App'x 30 (2d Cir. Nov. 12, 2008).

Plaintiff's raises two basic arguments for equitable tolling: that her medical condition and other commitments prevented her from filing on time, and that she believed she would have ninety days from the receipt of the right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC") to bring all causes of action, not just her Title VII claims.

---

¹ Plaintiff will be provided with a copy of all unpublished decisions cited in this Order.

> Equitable tolling is generally considered appropriate where the
> plaintiff actively pursued judicial remedies but filed a defective
> pleading during the specified time period; where plaintiff was
> unaware of his or her cause of action due to misleading conduct of
> the defendant; or where a plaintiff's medical condition or mental
> impairment prevented her from proceeding in a timely fashion.

*Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation

marks and citations omitted). Such tolling "is only appropriate in rare and exceptional

circumstances, in which a party is prevented in some extraordinary way from exercising [her]

rights." *Id.* at 80 (internal quotation marks and citations omitted). Plaintiff bears the burden of

showing that application of the doctrine is appropriate. *Boos v. Runyon*, 201 F.3d 178, 185 (2d

Cir. 2000). The Court must consider whether Plaintiff both "acted with reasonable diligence

during the time period she seeks to have tolled," and "proved that the circumstances are so

extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80-81 (internal

quotation marks omitted).

　　　　Whether a medical condition justifies equitable tolling is a "'highly case-specific'

inquiry." *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002) (quoting *Boos*, 201

F.3d at 184). Plaintiff argues that for five months of the relevant time period she was

experiencing a high-risk pregnancy, following which she underwent a caesarian delivery

requiring a thirteen-week recovery period, and then had to deal with the death of a family

member as well as juggle a new job with the responsibility of caring for her newborn and the rest

of her family.[2] These circumstances do not rise to the level justifying equitable tolling. Plaintiff

does not suggest that she was disabled, except during the period immediately following her

---

[2] Plaintiff has presented no medical or other evidence supporting these arguments, but I
will presume the alleged facts to be true for purposes of the instant motion.

delivery; that she was unable to appreciate her legal rights; or that she was unable to handle her personal affairs. *See Gager*, 2006 WL 3616965, at \*2-3. To the contrary, it appears that Plaintiff was able to secure employment, manage her pregnancy, and care for her family during the period for which she seeks tolling. Personal issues or other priorities do not present the extraordinary circumstances necessary to invoke the rare and exceptional doctrine of equitable tolling where there is no reason to believe that Plaintiff was prevented from proceeding.

Plaintiff's belief that she could bring any claim, not just the Title VII claims, within ninety days of the EEOC's issuance of the right-to-sue letter likewise does not justify equitable tolling. Plaintiff points to no statement or representation that misled her in this regard, or any basis for her belief other than assumption. While she suggests that her *pro se* status should excuse the error, I am constrained to concur with Judge Davison that it does not. "[T]here is nothing rare or extraordinary about either filing a claim as a *pro se* litigant or having little or no expertise in litigation, and it has never been 'suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Kantor-Hopkins v. Cyberzone Health Club*, No. 06-CV-643, 2007 WL 2687665, at \*7 (E.D.N.Y. Sept. 10, 2007) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Finally, to the extent Plaintiff argues that the pendency of the EEOC proceeding should toll the statute of limitations for state tort claims, I concur with Judge Davison that it does not, for the reasons stated in the R&R.

Accordingly, for the reasons stated above, the Court adopts the R&R as the decision of the Court, and therefore grants Defendants' Motion to Dismiss the state law claims for defamation, slander and intentional infliction of extreme emotional distress. The case will

5

proceed, under Judge Davison's supervision, on Plaintiff's Title VII claims against the School

District. The Clerk of Court is respectfully directed to terminate the pending Motion. (Doc. 20.)

Dated: July $\frac{31}{}$, 2009
White Plains, New York

_Cathy Seibel_____
CATHY SEIBEL, U.S.D.J.